STATE, by GEORGE COUPER GIBBS, Attorney General, *ex rel.* H. O. HARRIS and J. R. ALFORD as Trustees of Special Tax School District No. 17 of Jackson County, v. I. H. KING, H. M. DICKSON, and CLARENCE JONES.

188 So. 122.
Division B.
Opinion Filed April 11, 1939.

*George Couper Gibbs,* Attorney General and *James H. Finch,* for Plaintiff in Error;

*Carter & Pierce,* for Defendants in Error.

PER CURIAM.—This case is before the Court on writ of error to a final judgment entered by the Circuit Court of Jackson County, Florida, dismissing a quo warranto proceeding. The controversy here grew out of the legality or

validity of an election held on July 13, 1937, called for the purpose of determining whether or not Special School District No. 17 known as Shady Grove District, and No. 97, known as Grand Ridge District, located in Jackson County, Florida, should be consolidated, elect trustees of the consolidated district, and likewise fix the millage to be assessed. When the election was had Relators H. O. Harris and J. R. Alford were trustees for the Shady Grove District, and their terms of office, with I. H. King, the third trustee, expired in December, 1938. The results of the election showed a majority for consolidation of the two districts and the election of H. M. Dickson, Clarence Jones and I. H. King as Trustees. Mr. King likewise was trustee of the Shady Grove District prior to the consolidation election held July 13, 1937.

The information set out a legal description of the territory of each district at the time of the consolidation election on July 13, 1937, and further alleged that the territory comprising or embracing Shady Grove and Grand Ridge Districts at the time of the election was not contiguous, and therefore, as a matter of law, not eligible for consolidation. Also that the methods prescribed by law to effect a consolidation of school districts were allegedly not followed, viz.: the calling and holding of the election, the eligibility of the voters participating, and other details affecting the results of the election, which rendered the alleged consolidation invalid and illegal.

The validity of the consolidation election called into question was asserted by an answer to the information and the reasons therefor were, viz.: (a) the lands situated between the two districts, *supra*, were largely swamp lands and only two families resided thereon; (b) the lands situated between the two districts, *supra*, have been assessed for taxes for the benefit of the Grand Ridge District con-

tinuously since 1915; (c) relators are guilty of laches; (d) the consolidated school has been functioning at Grand Ridge and owns a brick building, maintains and operates a superior school to that formerly had at Shady Grove, and that public injury and confusion would occur if a change is made.

A demurrer and motion for compulsory amendment were direc.ed to the answer and upon a hearing the lower court overruled the same, and recited in the same order that the public interest and convenience outweighed any rights of the relators and for this reason the writ of quo warranto was dismissed. The record does not contain any facts to support .he findings that the public interest and convenience outweighed the rights of the relators.

It is admitted by counsel that special tax school districts are created by statute. Section 700 C. G. L. defines a special tax school district. Section 701 C. G. L. makes it the duty of the Board of Public Instruction of any County to order an election on a petition to determine whether or not a special tax school district shall be created, authorize a special levy of taxes within tax districts and for the election of three trustees to hold office for a period of two years. Section 702 provides for a description of the land to be embraced within the special tax school district, and Section 703 provides for an adjustment of boundaries. The qualification of voters who should participate in such election, the holding of the election and the canvassing of the returns thereof are fully provided for by statute, and when the special tax school district is established it then becomes a corporation. See Section 717 C. G. L. After the district is organized an election is held to determine the trustees of the district and the amount of millage to be levied as required by the special tax school district biennially. The special tax school district can issue bonds and

has additional powers conferred by statute. Section 745 C. G. L. provides a method for abolishing, extending or contracting the limits of such special tax school district, which may be done by a majority vote of the qualified voters thereof, and an election for this purpose can be called by the Board of Public Instruction of the County wherein the special tax school district is situated. Likewise, Section 747 C. G. L. provides for the consolidation of two or more contiguous special tax school districts, and Section 748 provides the procedure for so doing. The law contemplates a substantial compliance with Section 747 and 748 C. G. L. before a consolidation of two or more special tax school districts can become effective. Sections 750 and 751 C. G. L. provide for the consolidated districts to become one entire district and the entire district to become obligated for the payment of all bonds of the districts so consolidated as set out in Section 751 C. G. L.

Section 747 C. G. L. provides:

"Any two or more contiguous special tax school districts in the State of Florida may be consolidated as hereinafter authorized."

Special tax school districts being created by statute, it follows that the statute controls as to the consolidation of "any two or more contiguous special tax school districts." The authority to consolidate exists only when the districts are contiguous and it was the intention of the Legislature that non-contiguous districts were not authorized to be consolidated. If the language of a statute is plain or clear and free of ambiguity and admits of but one meaning, then it becomes the duty of the courts to follow the plain meaning of the statute and not to depart therefrom, and we are not justified in supplying omissions on the part of the Legislature or to place a construction thereon as will mean a departure from the natural meaning of the language

used. See Board of Com'rs'. of Leon County v. State, *ex rel.* ·Moore, 96 Fla. 495, ·118, So. 313; Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157. We therefore conclude that the statute *supra* grants the authority to consolidate to "any two or more contiguous special tax school districts." The contention here made that Shady Grove School district and the Grand Ridge school district were not *contiguous* presents an issue well founded in law and the answer interposed thereto by the respondents below is not a good defense. It is fundamental that if the legal procedure for the consolidation of the two school districts was not followed, an issue of fact can be made and submitted to a jury under appropriate instructions thereon.

The judgment appealed from is hereby reversed. It is so ordered.

WHITFIELD, P. J., and CHAPMAN and BROWN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS, not participating as authorized by Section 4687 Compiled General Laws' of 1927 and Rule 21-A of the Rules of this Court.