J. M. LEE, State Comptroller, v. SMITH RICHARDSON & CONROY, INC.

191 So. 767
Opinion Filed December 8, 1939

*George Couper Gibbs,* Attorney General, *John L. Graham,* Assistant Attorney General, *Keen & Allen, J. Velma Keen, W. P. Allen* and *A. Frank O'Kelley, Jr.,* for Appellant; *Milam, McIlvaine & Milam,* for Appellee.

TERRELL, C. J.—This appeal is from a temporary restraining order enjoining the Comptroller from enforcing the license provisions of Chapter 16848, Acts of 1936, against appellee.

To bring appellee within the terms of the latter Act, it is contended by appellant, (1) that agents of appellee solicit orders in wholesale quantities from hotels, restau-

rants, and retail stores, (2) that appellee sells at wholesale large quantities of meats and other food products to the State of Florida for use at the State Hospital for the Insane, and other State institutions, and (3) appellee permits its employees to purchase at wholesale quantities of its products for their consumption.

In Lee v. The Clover-Leaf, Inc., *et al.*, 130 Fla. 435, 177 So. 722, we held that the tax imposed by Chapter 16848, Acts of 1935, was limited to a store or stores of any mercantile establishment or establishments owned by the same person or corporation and selling at retail.

If appellee is to be required to pay the tax imposed by Chapter 16848, Acts of 1935, it must be shown that it is a store under the terms of said Act, selling at retail. It is admitted to be a wholesaler in all three categories in which it is contended that it is subject to the tax imposed by the latter Act. It is not charged with being a retailer and this is an essential prerequisite if the tax contended for is to be imposed on it.

It is further not contended that appellee has not paid all the taxes imposed on it as a wholesaler by Chapter 18011, Acts of 1937. When this has been done, the law imposes no restrictions on whom it shall select for its customers so it may sell to hotels, restaurants, or retail stores so long as it sells as a wholesaler. In so far as the sales to the State institutions and its customers go, the record shows that these were a mere incident to the main business and being so, would not bring appellee within the terms of Chapter 16848.

We do not lose sight of the reliance placed by appellant on the definition of retail sales under Section 2 (c) and sale under Section 2 (b) of Chapter 16848. We have examined these provisions but by their terms, it cannot be said that appellee is clearly covered by them and when the

distinction between wholesalers and retailers is considered, the doubt of its being covered by them is further intensified. When this is the case, the statute being a taxing one with a penal aspect, it should be resolved against the power to impose the tax.

The judgment below is therefore affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.