J. M. LEE, as Comptroller of the State of Florida, and J. R. McLEOD, as Sheriff of Hillsborough County, Florida, v. GULF OIL CORPORATION, a Pennsylvania Corporation.

4 So. (2nd) 868
Division A
Opinion Filed December 5, 1941

*J. Tom Watson,* Attorney General, *Lawrence A. Truett,* Assistant Attorney General, and *Keen & Allen,* for Appellants;

*Osborne, Adair, & McNatt,* for Appellee.

BUFORD, J.—Appeal brings for review final decree making findings and permanently enjoining the appellant, *inter alia,* as follows:

"IT IS ORDERED, ADJUDGED AND DECREED that the allegations of the bill of complaint herein be taken as confessed.

"And the court finding that the equities of this cause are with the plaintiff and that the plaintiff is entitled to the relief prayed in and by its bill of complaint and herein granted, IT IS FURTHER ORDERED, ADJUDGED AND DECREED as follows, to-wit:

"1.   That the plaintiff is not, by reason of its operation of filling stations as and under the circumstances alleged in the bill of complaint herein, including its filling station at the corner of Tampa and Tyler Streets in the City of Tampa, Florida, subject to or liable for the taxes prescribed and imposed upon a 'store' or 'stores' by c. 16,848, Laws of Florida, 1935.

"2.   That the warrant issued by the defendant Comptroller of the State of Florida on the 19th day of July A. D. 1940, to all and singular the Sheriffs of the State of Florida, directing them to levy upon and sell any real and personal property of the plaintiff located at the corner of Tampa and Tyler Streets, Tampa, Hillsborough County, Florida, and recorded in the office of the Clerk of the Circuit Court for Hillsborough County, Florida, all as alleged in the bill of

complaint herein, is null and void and the same be and is hereby cancelled and annulled, and the Clerk of said Court be and he is hereby directed to note upon the record of said warrant the cancellation thereof.

"3. That the order for temporary injunction heretofore entered herein and the temporary injunction issued herein be and the same are hereby confirmed and said injunction is hereby made permanent, and the defendant J. M. Lee, as Comptroller of the State of Florida, his agents, servants, and employees, be and they are hereby permanently enjoined and restrained from enforcing or attempting to enforce the provisions of c. 16848, Laws of Florida, 1935, or any of its provisions against the plaintiff, Gulf Oil Corporation, a Pennsylvania Corporation, because of its operation of a filling station or filling stations within the State of Florida at any time prior to the filing of its bill of complaint herein, or because of its operation of any such filling station or filling stations in the manner described in the bill of complaint herein subsequent to the filing of the bill of complaint herein.

"4. That the defendant J. R. McLeod, as Sheriff of Hillsborough County, Florida, be and he is permanently restrained and enjoined from selling any property of the plaintiff under said warrant of the Comptroller dated July 19, 1940, described in the bill of complaint herein and hereinabove."

The decree was entered on denial of motion to dismiss bill of complaint.

The bill alleges in effect that plaintiff, or its predecessor corporation, on and prior to June 1, 1935, operated several filling stations in the State of Florida and that it has paid all taxes required of it except

that, the legality of which it now challenges; that the primary and dominant character of its business carried on at its filling stations is the sale of gasoline and other petroleum products.

It is alleged, however, that as a part of, and incident to, such business, it carries in stock and sells emergency automobile accessories and cold drinks etc., and that the sales of such commodities constitute from 6.4% to 7% of gross sales or total cash receipts.

The bill sets forth in detail allegations showing that prior to the passage of c. 15624, Acts of 1931, the operators of filling stations as a mere incident to the dominant and primary business of selling gasoline and other petroleum products, also carried and sold stocks of emergency automobile accessories and cold drinks and that such fact was commonly known to the legislature. It is shown that in c. 15624, Acts of 1931, and in c. 16071, the term "store" was identically defined as follows:

"Section 8. The term 'store' as used in this Act shall be construed to mean and include any store or stores of any mercantile establishment or establishments which are owned, operated, maintained, or controlled by the same person, firm, corporation, co-partnership or association, either domestic or foreign, in which goods, wares or merchandise of any kind are not sold at retail. Provided, however, the term 'store' shall not include filling stations engaged exclusively in the sale of gasoline and other petroleum products.", and that in sub-paragraph (g) of Sec. 2 of c. 16848, Acts of 1935, there were slight changes in the definition of "store" but such changes were immaterial, that provision reading:

"The term 'store' as used in this Act shall be con-

strued to mean and include any store or stores of any mercantile establishment or establishments whether the same be stationary or movable by means of wheels or otherwise, which are owned, operated, maintained or controlled by the same person, firm, corporation, copartnership or association, either domestic or foreign in which goods, wares or merchandise of any kind are sold or offered to be sold at retail. Provided, however, the term 'store' and 'mercantile establishment' shall not include bulk plants or filling stations engaged exclusively in the sale of gasoline and other petroleum products."

The allegations of the bill show that prior to the time of the institution of this suit the departmental or administrative construction of the Act had been such that no tax was demanded of filling stations, the primary and dominant business of which was the selling of gasoline and other petroleum products, although, as incident thereto, emergency automobile accessories, cold drinks, and in some instances, other commodities in small amounts were sold. That a departmental ruling expressed in a letter addressed to the Honorable J. M. Lee, as Comptroller on the 3rd day of April, 1935, by the then Attorney General was to the effect that filling stations, the primary and dominant business of which was the selling of gasoline and other petroleum products, though they did sell as incident to that business emergency automobile accessories, cold drinks, tobacco, candies, crackers etc., were not amenable to the chain store tax. This opinion of the Attorney General was upon the construction of Sec. 8 of c. 16071, Acts of 1933.

It is urged that the departmental or administrative construction long indulged in by the office of the

Comptroller as applied to the chain store tax Act should greatly influence our conclusions as to whether or not the tax required by the Act applies to the appellee's place of business. We recognize the rule to be too well settled to require citation of authorities that administrative and departmental constructions of statutes, the duty of enforcement of which rests upon such departmental or administrative office, is persuasive but it is not controlling.

We have read with interest the cases cited in the briefs of both parties. The case of Anoka County v. City of St. Paul, 194 Minn. 554, 260 N.W. 588, 99 A.L.R. 1137, is persuasive but not controlling. Nor do we agree with its reasoning.

If the legislature had not used the peculiar wording which it did use in the 1931 Act, the 1933 Act and the 1935 Act, we could, and would readily, agree with the contentions of the appellee, but we must assume that the legislature used this language advisedly and for a purpose. If the legislature in the 1931 Act had defined the term "store" and left off the words "Provided, however, the term 'store' shall not include filling stations engaged exclusively in the sale of gasoline and other petroleum products," then the Act would have included all filling stations within the definition of the term "store." And if the Section had been written down to the word "Provided" as it is written and had then read "provided, however, the term 'store' shall not include filling stations . . . engaged in the sale of gasoline and other petroleum products," we should unhesitatingly hold that if the primary and dominant business engaged in by such mercantile establishments is that of selling gasoline and other petroleum products and that the sales of

emergency automobile accessories and cold drinks was a mere incident to such primary and dominant business, the provisions of c. 16848, *supra,* should not be applicable to require the payment of the chain store tax. See Lee v. Smith, Richardson & Conroy, 141 Fla. 535, 191 Sou. 767; Lee v. Cloverleaf, Inc., 130 Fla. 435, 177 Sou. 722; City Drug Co. v. Lee, 146 Fla. 754, 1 Sou. (2nd) 726. Here, however, the legislature in the 1931 Act, the 1933 Act and the 1935 Act, excepted from the purview of the Act only those filling stations engaged *exclusively* in the sale of gasoline and other petroleum products. The word "exclusively" must be assumed to have been placed in the Act for a purpose and, as we take it, the common meaning of the term "exclusively" as used here is "apart from all others" or "only." If it was not the intention of the legislature to make the Act apply to filling stations where any merchandise except gasoline and petroleum products were sold, then the learned members of that august body would certainly have used some other language, or would have left out the word "exclusively" in the passage of the Act. See Smith v. State, 80 Fla. 315, 85 Sou. 911; State v. Tunnicliff, 98 Fla. Fla. 731, 124 Sou. 279. If the language of the statute is plain and clear, and free of ambiguity so as to be susceptible of but one meaning, then it becomes the duty of the courts to follow the plain meaning of the statute and not to depart therefrom. See Harris v. Keen, 137 Fla. 190, 188 Sou. 122, and cases there cited.

Our conclusion is that prior to the enactment of c. 20977, Acts of 1941, only those filling stations "engaged exclusively in the sale of gasoline and other petroleum products" were exempt from the provisions

of the chain store tax Act and where filling stations indulged in the sale of other merchandise in connection with the primary and dominant business of selling gasoline and other petroleum products the place of business was amenable to the provisions of the Acts, *supra*. This does not mean, however, that the sales of gasoline and other petroleum products sold at such filling stations are subject to the gross receipts tax.

For the reasons stated, the decree is reversed and the cause is remanded for further proceedings.

So ordered.

BROWN, C. J., WHITFIELD, and ADAMS, J. J., concur.