## STATE v. GIERA.

No. 65-7374.

Criminal Court of Record, Palm Beach County.
August 27, 1965.

See the preceding case, City of Titusville v. McRaven.

---

Marvin U. Mounts, County Solicitor, and Edward A. Miller, Assistant County Solicitor, for the state.

H. T. Cook, General Attorney, Florida East Coast Ry. Co., St. Augustine, and John D. McKee and David C. Goodwin of Bolles, Goodwin & Ryskamp, Miami, for defendant.

HUGH MacMILLAN, Judge.

The motion to quash the information containing two counts, one count charging reckless driving, 317.211 Florida Statutes, and the second charging failure to sound locomotive whistle, 317.0107, was heard in the absence of the defendant on August 6, 1965, and the court having heard argument of respective counsel for the state and the defense, and being furnished with memoranda of law by opposing counsel, and being otherwise advised in the premises, it is, upon consideration thereof, ordered and adjudged that said motion be and the same hereby is granted as to the first count and denied as to the second count.

It was stipulated by counsel that the type of vehicle involved in this incident was a motor vehicle commonly known as a "hi-rail" that was adapted for operation on railroad tracks so that, when the apparatus for use on railroad tracks was in place, the vehicle could only operate upon rails.

Section 317.011(61), Florida Statutes, defines a vehicle as — "Every device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power or used exclusively upon rails or tracks."

Although the conveyance in question is interchangeable to the extent that by conversion it can be used and is used on highways as well as steel rails, the court finds that, as long as it is adapted for its operation on rails only, it should not be considered a motor vehicle under the aforesaid definition until it is removed from the rails and re-adapted for use on public roads. The court is cognizant of the case of Lee v. Gulf Oil Corporation (1941), 4 So.2d 868, where the court defines "exclusively" as "apart from all other" or "only", but it is apparent that, when the conveyance in question is modified for operation on rails, it is then exclusively used for rail operation and, consequently, would not come under the definition of a vehicle.

With reference to count two of the information, the court finds that this converted motor vehicle is actually being used as a method of conveyance and locomotion on fixed rails, and in resolving this case the use made of this equipment should be considered a paramount factor regardless of its appearance or nomenclature. Although not a railroad locomotive in the traditional sense of a steam engine or modern diesel, this conveyance adapted for transportation on fixed rails is for all intents and purposes equivalent to a locomotive as far as being self-propelled and being limited to its operation on railroad tracks. Although less powerful, it is obviously an economical substitute for a steam engine or diesel locomotive as a means of rail transportation. The definition of a railroad train in section 317.011(38) follows — "A steam engine, electric or other motor, with or without cars coupled thereto, operated upon rails, except streetcars."

A motor is defined in Webster's Dictionary as "short for motorcar" or "any automotive vehicle" or "equipped with or driven by a motor or motors." Inasmuch as the said sub-paragraph (38) excepted streetcars, it would appear that the wording of the statute clearly includes a hi-rail device which is operated upon rails. Section 317.0107, Florida Statutes, is so worded that it is obvious that the legislative intent was to require the blowing of a suitable whistle to alert the public generally at railroad crossings of "the approach of any such locomotive or train or cars".

The court is aware of holding in Co-operative Legislative Committee of Transportation Brotherhoods and Brotherhood of Maintenance of Way Employees v. Public Utilities Commission of Ohio et al. (Sup. Ct. Ohio 1946), 202 N. E. 2d 699, to the effect that a tractor-like vehicle equipped with railroad wheels and rubber tires for interchangeable use, but only used around a repair shop yard, was not an "engine" or "locomotive" within the intent of section 4999.08 Revised Code which prohibits the operation of an engine or locomotive unless manned with a full crew of employees. This case can be distinguished from the hi-rail in the instant case which operates over the entire track system and not within a confined area. It is to be noted that in a case involving the use of a gasoline tractor in moving railroad cars said equipment was held to be a locomotive as far as the requirements for the Federal Safety Appliance Act and Boiler Act were concerned. See Hoffman v. New York, N. H. & H. R. Co. (Circuit Court of Appeals, 2d Circuit, 1934), 74 F. 2d 227.

It is noted that this cause is set for trial without jury in division B of this Court at 9:30 A. M. on September 20, 1965.