481 So.2d 1294 (1986)
KENT INSURANCE COMPANY and Charles Atwood D/B/a Miracle Strip Security Service, Appellant,
v.
In re ESTATE OF Vealon Andrews ATWOOD a/K/a Vealon G. Atwood, Appellee.
No. AZ-235.
District Court of Appeal of Florida, First District.
January 23, 1986.
*1295 Robert C. Palmer, III of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellant.
Steven F. Bolton of Moore, Hill & Westmoreland, Pensacola, for appellee.
McCORD, GUYTE P., Jr. (Ret.), Associate Judge.
Kent Insurance Company (Kent) appeals from the dismissal of its petition for revocation of an order discharging the personal representative of Atwood's estate. We reverse.
Vealon Atwood was a defendant, along with her son Charles, in a suit seeking damages for personal injury. She died before the case came to trial and her estate was substituted as a party-defendant. However, the plaintiff voluntarily dismissed the estate on the day of trial, which ended in a judgment against Charles and his insurer, Kent. Kent appealed.
Following the entry of judgment against Kent, a petition for administration of Vealon's estate was filed. Notice of administration was timely published, providing that, pursuant to Section 733.702(1)(a), Florida Statutes (1981); all claims against the estate had to be presented within three months. In September 1983, Vealon's estate was closed and the personal representative discharged. No claim against the estate was filed by Kent within the three-month period.
The judgment against Charles and Kent was affirmed by this court on 25 October 1983 in Atwood v. Hendrix, 439 So.2d 973 (Fla. 1st DCA 1983). Two months later, Kent filed the instant petition for revocation of the personal representative's discharge in order to pursue a contribution action against the estate and its insurer. The petition was denied, the trial court finding that Kent so delayed in the assertion of its claim as to place the estate at a disadvantage in defending it, and that the claim was therefore barred by laches. We disagree.
Kent is not precluded from its contribution claim either by the closing of the estate or by its failure to assert the action within the three-month period established by Section 733.702(1)(a). Pursuant to Section 733.702(3)(b), the three-month limitation does not affect or prevent "[t]o the limits of casualty insurance protection only, any proceeding to establish liability of the decedent or personal representative for which he is protected by casualty insurance." Therefore, failure to file the action within the statutory period bars only the right to enforce any liability of the estate which is beyond the limits of the policy of insurance; the action itself is not barred. Koschmeder v. Griffin, 386 So.2d 625, 627 n. 1 (Fla. 4th DCA 1980). Further, Section *1296 733.903 states that the discharge of the personal representative shall not prevent a revocation of the order of discharge "if it becomes necessary that further administration of the estate be had for any cause."
With regard to the finding of laches below, Kent commenced its contribution action well within the period established in Section 768.31(4)(c), which gives tortfeasors one year after appellate review of a judgment for injury within which to file a separate action for contribution. More importantly, however, the question of laches does not turn simply upon the amount of time elapsed between the accrual of rights and the assertion of them but also upon circumstances occurring during that lapse of time. There must be a showing that the situation of the adverse party underwent a change during the period while institution of suit was delayed. Cone v. Benjamin, 157 Fla. 800, 27 So.2d 90, 105-6 (1946).
The estate claims that laches should bar the reopening of the estate to allow this contribution action based on Kent's failure to depose Vealon before her death and the impossibility of doing so now. However, Kent had no claim for contribution against Vealon until judgment was entered against it in the personal injury action, by which time Vealon was already deceased. Therefore, the situation of the estate did not change during the period between the judgment and the instant petition, and laches does not apply.
The judgment below is reversed and the case remanded for further proceedings.
ERVIN and WIGGINTON, JJ., concur.