PER CURIAM.
We affirm the order permitting the reopening of this estate in order that a claim may be made against casualty insurance allegedly covering the estate’s liability for the claim. See § 733.903, Fla.Stat. (1987); Kent Ins. Co. v. Estate of Atwood, 481 So.2d 1294 (Fla. 1st DCA 1986).
While we view the only dispositive issue at this time in this probate case as that addressed above, we add the following observations concerning other arguments presented to us. Contrary to the argument of appellant, we do not conclude that the claim, which arose during the administration of the estate, is time barred by either section 733.702 or section 733.710. Section 733.702, in its terms, applies to claims that arose before the death of the decedent and does not apply to claims against casualty insurance. Section 733.710, the 1987 version of which is applicable to the claim in this case which allegedly arose December 28, 1988, applies to unadministered estates.
Affirmed.
SCHEB, A.C.J., and LEHAN and ALTENBERND, JJ., concur.