Mr. Scott E. Simpson City Attorney City of South Daytona Post Office Box 305 Ormond Beach, Florida 32175
Dear Mr. Simpson:
On behalf of the City of South Daytona you ask substantially the following question:
Does section 166.231, Florida Statutes, allow a municipality to grant a church an exemption from a public services tax on the purchase of electricity for a day care center, elementary school, middle school and high school located on the church's premises?
In sum:
Section 166.231, Florida Statutes, does not authorize a municipality to exempt from a public services tax purchases of public services for a day care center, elementary school, middle school and high school that are not exclusively for church purposes. Ultimately, however, the taxing authority must make the determination that the purchase of electricity is exclusively for church purposes before it may exempt such purchases from a public services tax.
You state that a local church, incorporated as a not-forprofit corporation and qualified for tax-exempt status with the Internal Revenue Service, operates a day care center, an elementary school, a middle school, and a high school that may be attended by the public for a fee. The schools provide normal courses of study with the addition of bible study and worship and prayer sessions during the day. At present, there are separate electrical meters for the church office complex, the church sanctuary, the day care center, the elementary school, the middle school and the high school. A question has arisen whether charges for electrical service to the day care center and schools are exempt from the public services tax imposed pursuant to section 166.231, Florida Statutes.
Section 166.231(5), Florida Statutes, in pertinent part, provides that "[a] municipality . . . shall exempt purchases by any recognized church in this state for use exclusively for church purposes." Purchases taxed under section 166.231, Florida Statutes, include electricity, metered or bottled gas (liquified petroleum gas or manufactured), water service and telecommunication services.
In order for the church to claim the exemption from the public services tax, it must show that the premises are used "exclusively for church purposes."[1] In Op. Att'y Gen. Fla. 78-44 (1978), this office observed that the term "exclusively" does not allow consideration of a primary or predominant use, but operates as a limitation meaning "apart from all other uses or purposes."[2] In defining "church purposes," the opinion noted that many tax statutes define it as "related to the objectives of or the physical structure of a church."[3] However, the opinion settled on a more general definition of "church purposes" as "those purposes directly and exclusively connected with or in furtherance of the particular faith or its tenets and objectives."[4]
In Op. Att'y Gen. Fla. 75-209 (1975), this office noted that the term "exclusively" as it is used in the phrase "exclusively for church purposes" does not normally permit application of the exemption from the public services tax to church purchases for nonprofit church properties and operations such as schools, clinics, recreation areas, playgrounds, convents, or rectories, unless the activity constitutes a direct adjunct of the church and the congregation. It has been previously determined by this office that "[c]hurch schools, which are [essentially the same as] public schools of the state and counties, do not appear to be used for a church purpose within the purview of [section 166.231, Florida Statutes]."[5]
Based upon the information provided to this office, it does not appear that the day care center and schools operated on the church premises are directly and exclusively connected with or in furtherance of the church's particular faith, i.e., exclusively for church purposes. However, ultimately the determination of whether the use of church property for a day care center and schools is "exclusively for church purposes" and, therefore, eligible for the exemption, must be made by the city and not by this office.
Accordingly, a municipality may not exempt from a public services tax purchases of electricity for a day care center, elementary school, middle school and high school which are not used exclusively for church purposes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Op. Att'y Gen. Fla. 78-44 (1978), in which this office considered whether the rectory of an alternative religion qualified for the public services tax exemption.
[2] Citing Lee v. Gulf Oil Corporation, 4 So.2d 868, 870 (Fla., 1941).
[3] Citing, 84 C.J.S. Taxation s. 291, p. 591.
[4] See also, Op. Att'y Gen. Fla. 75-209 (1975), in which this office found that the term "used exclusively for church purposes" has a broader meaning than the use of the church auditorium for Sunday sermons or preaching services, but extends to other services in the church directly furthering the religious purposes of the congregation (citing to Op. Att'y Gen. Fla. 57-255 [1957]).
[5] See, Op. Att'y Gen. Fla. 57-255 (1957) (church school is equivalent to public schools do not quality for public services tax).