697 So.2d 883 (1997)
John PEZZI and Dorothy Pezzi, his wife, Appellants,
v.
Mary Jane BROWN, Personal Representative of the Estate of Leroy Simmons, Jr., and Brock Supply Co., Inc., a Florida corporation, Appellees.
No. 95-3244.
District Court of Appeal of Florida, Fourth District.
June 25, 1997.
Rehearing, Rehearing, and Certification Denied August 19, 1997.
*884 Edward Paul Kreiling of Rosen, Rosen & Kreiling, P.A., Fort Lauderdale, for appellant.
Christopher J. Lynch of Angones, Hunter, McClure, Lynch & Williams, P.A., for appellee.
Rehearing, Rehearing En Banc, and Certification Denied August 19, 1997.
PARIENTE, Judge.
Appellants, John and Dorothy Pezzi (plaintiffs), appeal a final summary judgment in favor of appellee, Mary Jane Brown, personal representative of the estate of Leroy Simmons, Jr. (appellee Brown). The final summary judgment was based on plaintiffs' failure to comply with sections 733.702 and 733.710, Florida Statutes (1995), which place limitations on recovery against a probate estate and the estate's personal representative. We reverse because plaintiffs seek to recover damages only to the extent of the deceased tortfeasor's liability insurance coverage and do not seek to recover from the assets of the estate.
Plaintiffs allege that plaintiff John Pezzi sustained personal injuries as the result of his evasive actions taken to avoid a collision between a vehicle owned by defendant Brock Supply Company and a vehicle driven by Leroy Simmons, Jr. Plaintiffs' original complaint named Brock Supply as the sole defendant. The amended complaint, filed more than two years after Simmons had died from causes unrelated to the accident, named Mary Jane Brown, personal representative of Simmons' estate, as a co-defendant.
It is undisputed that this cause of action was not barred by the general four-year statute of limitations applicable to negligence cases. See § 95.11(3)(a), Fla. Stat. (1995). However, the trial court in effect determined that the cause of action was otherwise barred by sections 733.702 and 733.710 because plaintiffs did not file a timely claim with the decedent's estate and did not bring the action within two years after Simmons' death.[1]
The issue is thus whether a cause of action may be brought against the estate of a tortfeasor more than two years after the tortfeasor's death, where the plaintiff seeks to recover damages only from the tortfeasor's liability insurance policy and not from the assets of the estate. The resolution of this issue depends on an interpretation of sections 733.702 and 733.710, which place limitations on creditors' claims against probate assets, and the relationship of these sections to section 95.011, which places general time limitations on bringing causes of actions.
Sections 733.702 and 733.710 are part of Chapter 733, Florida's probate code. Section 733.702 operates as a statute of limitations for claims made against an estate. See Spohr v. Berryman, 589 So.2d 225, 227 (Fla. 1991). Subsection 733.702(1) requires all claims against an estate to be filed within three months after the time of the first publication of the notice of administration.
*885 Subsection 733.702(2) provides that no cause of action "shall survive the death of the person against whom the claim may be made" unless the claim is filed within the specified time limits. However, pursuant to subsection 733.702(4)(b), this limitation does not affect or prevent "[t]o the limits of casualty insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which he is protected by the casualty insurance." (Emphasis supplied).
Pursuant to the exception set forth within subsection 733.702(4)(b), a plaintiff is not barred from pursuing a cause of action to establish liability of the decedent or personal representative and recovering up to the limits of the applicable insurance coverage. See Koschmeder v. Griffin, 386 So.2d 625, 627 n. 1 (Fla. 4th DCA 1980); Kent Ins. Co. v. Estate of Atwood, 481 So.2d 1294 (Fla. 1st DCA 1986).
It is undisputed that plaintiffs in this case never filed a claim with the estate or requested an extension to file a claim. Therefore, by virtue of section 733.702, plaintiffs could hold neither the estate nor the personal representative, individually, liable for plaintiffs' damages. Plaintiffs could recover only to the extent of the applicable liability insurance. See Estate of McKinney v. Sofka, 585 So.2d 1201 (Fla. 2d DCA 1991) (section 733.702 does not apply to claims against casualty insurance), review denied, 599 So.2d 655 (Fla. 1992).
Yet, plaintiffs were prohibited from initiating a direct action against the insurer. See generally § 627.4136, Fla. Stat. (1995). Thus, although the personal representative here never became personally liable, the personal representative was still the proper nominal party in a lawsuit to establish liability of the decedent tortfeasor.
Because plaintiffs' complaint was filed more than two years after the date of Simmons' death, we must also consider whether section 733.710 erects a bar to plaintiffs' cause of action, although section 733.702 does not. Section 733.710, entitled "Limitations on claims against estates," states in relevant part:
Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative (if any), nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.
(Emphasis supplied). Appellee Brown urges us to read section 733.710 as extinguishing a cause of action based on the tortious conduct of a tortfeasor where the lawsuit was not brought within two years of the decedent's death, thereby extinguishing the ability of plaintiffs to recover under decedent's liability policy.
In determining the legislative intent of a statute, we look primarily to the language of the statute. Arthur Young & Co. v. Mariner Corp., 630 So.2d 1199, 1202 (Fla. 4th DCA 1994). Section 733.710, by its own terms, does not bar a cause of action against a decedent; it merely states that neither the decedent's estate, the personal representative nor the beneficiaries shall be liable for any claim or cause of action filed more than two years from the decedent's death. The limitation on liability pursuant to section 733.710 is specific to the decedent's estate, the personal representative, and the beneficiaries; the limitation does not extend to the decedent's insurance policy.
"Courts always presume that the legislature  a body advised and informed by lawyers  adopted the particular wording of a statute advisedly and for a purpose." Sirmons v. State, 634 So.2d 153 (Fla.1994) (Kogan, J., concurring) (citing Lee v. Gulf Oil Corp., 148 Fla. 612, 4 So.2d 868 (1941)). The language in section 733.710 limiting the liability of specific parties should be contrasted with the language in section 733.702, providing that no cause of action shall survive unless a claim is timely filed or the claim comes within one of the exceptions set forth in subsection 702(4). The language limiting liability in section 733.710 should also be contrasted with the language in section 95.11 governing general limitations on bringing causes of action, providing that a cause of action shall be barred unless brought within a specified period of time.
*886 Defendants correctly note that section 733.710 does not contain the exception provided in section 733.702 for proceedings to establish liability to the extent of a decedent's insurance coverage. However, sections 733.702 and 733.710, which relate to the same subject matter, should be read in pari materia. See Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 454-55 (Fla.1992).
"[S]ection 733.702 fixes the basic time frame for filing of claims in decedent's estates being probated in Florida, but section 733.710 sets an absolute deadline beyond which no claim may be entertained." Comerica Bank & Trust F.S.B. v. SDI Operating Partners, L.P., 673 So.2d 163, 165 (Fla. 4th DCA 1996).[2] The exception in section 733.702 is an exception to the general statement that disallows causes of action where no claim has been filed within the specified time periods. Section 733.710, on the other hand, does not disallow causes of action but rather provides an absolute limitation on liability of specified entities (or individuals). In this case, where the decedent's estate, the personal representative, and the beneficiaries could not be held personally liable as a result of the application of section 733.702, section 733.710 has no additional impact on plaintiffs' cause of action.
In deciding this case, we are further guided by the principle that statutes restricting access to the courts must be narrowly construed in a manner favoring access. See Weinstock v. Groth, 629 So.2d 835, 838 (Fla. 1993); Silva v. Southwest Fla. Blood Bank, Inc., 601 So.2d 1184, 1186 (Fla.1992). Section 733.710 "represents a decision by the legislature that 2 years from the date of death is the outside time limit to which a decedent's estate in Florida should be exposed by claims on the decedent's assets." Comerica, 673 So.2d at 167 (emphasis supplied). There is no indication that section 733.710 represented a legislative decision to undermine the rights of plaintiffs to recover under tortfeasors' insurance policies.
Our interpretation here is consonant with the purpose of the time limitations in sections 733.710 and 733.702, which are designed to promote "the public policy of providing for the speedy settlement of estates" in order that "the payment of claims and the distribution to the beneficiaries [not] be substantially delayed or disrupted." Spohr, 589 So.2d at 228; In re Brown's Estate, 117 So.2d 478, 480 (Fla.1960). Applying section 733.710 in a manner that would prevent a claimant from recovering up to the limits of a tortfeasor's insurance coverage would not foster the goals of Chapter 733.
Plaintiffs seek recovery only to the extent of Simmons' liability insurance coverage and not from his estate's assets, the personal representative individually, or the beneficiaries.[3] Neither section 733.702 nor section 733.710 precludes plaintiffs from bringing this cause of action and recovering to the extent that Simmons was covered by liability insurance.
Accordingly, we reverse the final summary judgment.
GUNTHER, C.J., and BAKER, MOSES, Jr., Associate Judge, concur.
NOTES
[1] No party contends that the cause of action is barred by the two-year statute of limitations applicable to actions for wrongful death. See § 95.11(4)(d), Fla. Stat. (1995). Wrongful death actions arise as a result of the death of the plaintiff from injuries sustained in an accident. See generally Florida Wrongful Death Act, §§ 768.16-.27, Fla. Stat. (1995).
[2] In Comerica Bank & Trust F.S.B. v. SDI Operating Partners, L.P., 673 So.2d 163 (Fla. 4th DCA 1996), we certified conflict with Baptist Hospital of Miami v. Carter, 658 So.2d 560 (Fla. 3d DCA 1995), on the issue of whether section 733.710 is a statute of limitations or a statute of repose. The resolution of that issue is not determinative of the issue here.
[3] We note that neither party has addressed whether, by virtue of the policy language, plaintiffs would be precluded from recovering under the insurance policy because a claim was not made within three months and a cause of action not filed within two years. Thus, we must assume that there is no exclusionary cause that would otherwise prevent plaintiffs from recovering under the insurance policy.