537 So.2d 160 (1989)
Keith M. OLENEK, Appellant,
v.
Marguerite A. BENNETT, As Personal Representative of the Estate of Ann M. Koch, Deceased, et al., Appellee.
No. 88-693.
District Court of Appeal of Florida, Fifth District.
January 12, 1989.
*161 Mark P. Lang & Susan E. Sewell of Mark P. Lang, P.A., Orlando, for appellant.
John D. Mahaffey, Jr., Orlando, for appellee.
DAUKSCH, Judge.
This is an appeal from a dismissal under section 733.702, Florida Statutes (1985). That statute provides:
733.702 Limitations on presentation of claims. 
(1) No claim or demand against the decedent's estate that arose before the death of the decedent, including claims of the state and any of its subdivisions, whether due or not, direct or contingent, or liquidated or unliquidated; no claim for funeral or burial expenses; no claim for personal property in the possession of the personal representative; and no claim for damages, including, but not limited to, an action founded on fraud or another wrongful act or omission of the decedent, is binding on the estate, on the personal representative, or on any beneficiary unless presented:
(a) Within 3 months from the time of the first publication of the notice of administration, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise. The personal representative may settle in full any claim without the necessity of the claim being filed when the settlement has been approved by the beneficiaries adversely affected according to the priorities provided in this code and when the settlement is made within the statutory time for filing claims; or he may file a proof of claim of all claims he has paid or intends to pay.
In Barnett Bank v. Estate of Read, 493 So.2d 447 (Fla. 1986), our supreme court held that this statute is not a jurisdictional statute but a statute of limitation. The significance of that in this case is that the estate can waive or be estopped from asserting a statute of limitation; not so a jurisdictional statute.
Under the facts of this case both waiver and estoppel are present so the court erred in dismissing the complaint. Because the attorney for the estate accepted service of the complaint, after the substitution of the estate for the now-deceased defendant, and agreed to file an answer to the complaint, the estate is estopped from later claiming a right to have the complaint dismissed. The complaint was served within three months of first publication of the notice of administration, although no specific claim under the statute, section 733.702, was filed in the probate division. Fairness and equity dictate that the estate is estopped from raising the statute as a defense. Barnett supra.
Because we find estoppel to be applicable we see no need to discuss the other, also valid, reasons for permitting appellant to proceed against the estate.
The order of dismissal is reversed and this cause remanded for further proceedings.
REVERSED AND REMANDED.
COWART and DANIEL, JJ., concur.