ALTENBERND, Judge.
These consolidated appeals arise from the unsuccessful attempts of Priscilla M. Payne and her children (the Paynes) to file two claims in the probate estate of Richard M. Wood (the Estate). Although the result seems harsh, we affirm the probate court’s order denying leave to amend the first claim and its order denying an extension of time in which to file, a second claim. We cannot rewrite Florida probate law to accommodate a Michigan attorney more familiar with the Uniform Probate Code.
Richard M. Wood died while domiciled in Hillsborough County, Florida, on May 30, 1990. Less than two months before Mr. Wood died, the Paynes obtained a default judgment against him in the amount of $1,555,231.88 in a Michigan federal court. Mr. Wood had previously lived in Michigan, and the lawsuit alleged that he had converted or mishandled securities belonging to the Paynes.
The personal representative for the Estate filed a petition for administration in Hillsbor-ough County in June 1990. The Paynes, represented by Michigan lawyers, filed a timely claim (the 1990 claim) describing their judgment. The Estate objected to the 1990 claim. Thereafter, in June 1991, the Michigan court set aside the default judgment, but allowed the action to remain pending on the Paynes’ complaint.[1]
While the federal action was pending in Michigan, the Estate moved to strike the first claim on grounds that the default judgment had been set aside. The probate court entered an order on October 7,1992, striking the claim. The order did not authorize the filing of an amended claim and is a final order adverse to the Paynes. It clearly was appealable under Florida Probate Rule 5.100.
The Paynes’ Michigan attorney did not appeal this order. It is obvious from the pleadings that the attorney was more familiar with the Uniform Probate Act than with Florida law. He incorrectly assumed that the pending federal lawsuit was adequate protection of his clients’ claim in the Florida probate proceeding. See Spohr v. Berryman, 589 So.2d 225 (Fla.1991).
After the Paynes allowed the appeal time to expire, the Estate continued to defend the federal lawsuit. There is no indication in our record that the Estate ever alleged an affirmative defense of limitations or otherwise argued to the federal court that the claim did not survive under section 733.702(2), Florida Statutes (1989). Cf. Crosson v. Conlee, 745 F.2d 896 (4th Cir.1984) (federal court should decline jurisdiction if judgment would not be enforceable in defendant’s Florida probate proceeding). The record does reflect an ancillary administration with assets in Michigan. We assume that the Estate continued *824 to litigate this action because it could affect the Michigan ancillary administration. Following a week-long jury trial, the federal district court entered a judgment on a verdict in favor of the Paynes for $3,760,909.49 in June 1993.[2]
The Paynes then filed a second claim (the 1993 claim) in the probate proceeding in August 1993, based on the new judgment. The 1993 claim was not described as an amendment to the 1990 claim. It was not accompanied by a motion to extend time under section 733.702(3), Florida Statutes (1989). The Estate objected to the claim and moved to strike it as untimely. On September 17, 1993, the probate court struck this claim.
The Paynes then retained the Florida law firm currently representing them in this appeal. The new law firm filed a motion for rehearing, which was also a motion for extension of time to file the 1993 claim pursuant to section 733.702(3), Florida Statutes (1989). As an alternative attempt to salvage some claim, the law firm also filed a motion to amend the 1990 claim to describe the new judgment. The probate court resolved the motions separately. It first denied the motion to amend, and later denied the motion for extension of time. The Paynes separately appealed these two orders.[3]
Concerning the motion to amend the 1990 claim, we agree with the probate court that no pending claim existed in August 1993 that could be amended. When the court struck the 1990 claim in October 1992, the Paynes had pending an earlier motion to amend the claim for reasons unrelated to the setting aside of the default. They never filed a motion to amend addressing the change in the status of the federal lawsuit. The order striking the claim did not allow amendment, and the Paynes never filed a motion for rehearing or notice of appeal of that order. Although section 733.704 permits an amendment of a claim “at any time,” we conclude that the order striking this claim disposed of the claim. The 1990 claim no longer existed as an amendable claim in 1993.
The motion for extension is a more troublesome issue. There is no question that the Estate was fully aware of the Paynes’ overall claim at all times. The Estate can show no prejudice caused by the erroneous procedures employed by the Paynes’ Michigan counsel. Nevertheless, the Paynes are seeking an extension not only beyond the period authorized in section 733.702, but also beyond the two-year period established in section 733.710, Florida Statutes (1989). Section 733.702(3) permits an extension only upon grounds of fraud, estoppel, or insufficient notice of the claims period. The Paynes clearly had notice of the claims period and have not alleged any fraud or estop-pel sufficient to explain the failure of their attorney to (1) amend the 1990 claim to describe the unresolved Michigan litigation, (2) appeal the adverse order in October 1992, or (3) otherwise file a new claim based on the Michigan litigation within the statutory two- *825 year period. Accordingly, we must affirm the trial court’s orders.
Affirmed.
PARKER, A.C.J., and FULMER, J., concur.

. After the objection, the Paynes also filed an independent action on the Michigan judgment in Florida. Once the default was set aside, the Paynes did not prosecute that action and it was dismissed for failure to prosecute.

. While these appeals were pending, the federal circuit court upheld the district court’s ruling on the issue of liability, but reversed and remanded on the damages. See Payne v. Wood, No. 94-1230, 1995 WL 461786 (6th Cir. Aug. 2, 1995) (unpublished opinion). The federal circuit court’s ruling, however, does not change our disposition of these cases.

. With some hesitation, we conclude that jurisdiction exists to review both orders under Florida Probate Rule 5.100. That rule is somewhat unusual in that it “deems” orders to be final in situations where parties can have more than one claim pending in probate. Thus, a "final” order can be rendered before all of the issues between litigants in probate have been resolved. A timely motion for rehearing of the order striking the 1993 claim was filed on September 17, 1993. That motion argued the probate court had overlooked the status of the 1993 claim as an amendment to the 1990 claim. The denial of the rehearing rendered an appealable order. Our conclusion that the 1990 claim could no longer be amended does not deprive us of jurisdiction to review this order. We conclude that the order disposing of the motion for extension is separately appealable because it concerned a distinct effort to file a different claim (the 1993 claim). The Estate had successfully caused the 1990 claim to be stricken on the theory that the default judgment was distinct from the federal claim that remained pending after the default was set aside. Thus, it cannot argue at this time that the motion for extension is a mere duplication of the attempt to amend the 1990 claim.