KLEIN, J.
Although William Fleming died in 1995, no estate was opened for probate until 1997, more than two years after Fleming’s death. The issue on appeal is whether the decedent’s former wife, who is a creditor, can bring an action against the estate after the running of the statutory two year period of non-claim, if the person who became personal representative fraudulently induced her to delay filing her claim.
Section 733.710 provides in part:
(1) Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent’s estate, the personal representative (if any), nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.
This statute has been construed by the Florida Supreme Court to be a “jurisdictional statute of nonclaim that is not subject to waiver or extension in the probate proceedings.” May v. Ill. Nat’l Ins. Co., 771 So.2d 1143, 1150 (Fla.2000). See also Comerica Bank & Trust F.S.B. v. SDI Operating Partners, L.P., 673 So.2d 163 (Fla. 4th DCA 1996) (section 733.710 is “an absolute bar-akin to a statute of repose-that the court lacks the power to avoid”).
Appellant argues that there are exceptions to the two year bar, citing Humana Medical Plan, Inc. v. Estate of Durant, 650 So.2d 201 (Fla. 4th DCA 1995). Although it is true that, in Durant, this court remanded for further proceedings which might have resulted in a claim being filed against an estate more than two years after the death of the decedent, this court did not address section 733.710, and it may not have been raised. More significant is the fact that any question about whether any claim can be filed more than two years after the death of the decedent has been cleared up by the supreme court’s decision in May. To the extent it conflicts with May, Durant is no longer good law.
We therefore affirm.
DELL and GUNTHER, JJ„ concur.