809 So.2d 78 (2002)
Gloria DOBAL, etc., Gulf Seafood, Inc., and Santiago Arencibia, Appellants,
v.
Rosemary PEREZ, etc., Appellee.
No. 3D01-1812.
District Court of Appeal of Florida, Third District.
February 13, 2002.
Rehearing and Certification Denied March 20, 2002.
Bennett & Aiello and Paul Aiello, Miami; Steven Esquinaldo, Key West, for appellants.
Mel Black, for appellee.
*79 Before JORGENSON, GODERICH and FLETCHER, JJ.
GODERICH, Judge.
Santiago Arencibia appeals from an adverse final summary judgment. Gloria Dobal, Gulf Seafood, and Santiago Arencibia appeal from an order denying realignment. We affirm.
On February 19, 1980, Richard Perez entered into a bulk sales contract to purchase the land and the personalty of a wholesale seafood business in Stock Island, Key West, Florida, from Woodsy Niles Fish Company, Inc. On February 27, 1980, Richard Perez, Manuel Dobal, and Santiago Arencibia incorporated Gulf Seafood, Inc. [Gulf Seafood], each becoming equal one-third owners in the joint venture.
In June 1980, at the closing on the property, Richard Perez furnished the funds to purchase the property, and the property was transferred to Richard Perez by warranty deed. Thereafter, Richard Perez entered into an oral lease with Gulf Seafood that provided that Gulf Seafood would operate a wholesale seafood business and pay as rent the mortgage, taxes, insurance and maintenance on the property.
On November 18, 1992, Richard Perez died. On December 23, 1992, the estate proceedings were commenced in Monroe County, Florida. Rosemary Perez, his wife, was appointed as personal representative of his estate, and on December 30, 1992, the probate court issued Letters of Administration. On January 22, 1993, Rosemary Perez published a Notice of Administration in the Key West Citizen newspaper.
On September 9, 1993, Gloria Dobal, on behalf of her incarcerated husband, Manuel Dobal, filed a Statement of Claim against the estate. On March 5, 1995, Gloria Dobal brought suit alleging a constructive trust and seeking a one-third interest in the land. She also brought a shareholder's derivative claim for an accounting of Gulf Seafood monies. Gloria Dobal subsequently amended her claim to assert a legal theory of resulting trust and/or joint venture based upon an alleged oral agreement that the decedent would hold legal title, with Manuel Dobal having a one-third interest in the land.
On July 31, 1997, more than four and a half years after the decedent's death, Maria Arencibia was allowed to intervene in conjunction with her dissolution of marriage action against her incarcerated husband, Santiago Arencibia. She filed a claim for a separate one-third interest in the property and an accounting. In December 1999, more than seven years after the decedent's death, Santiago Arencibia adopted his wife's claim seeking a onethird interest in the land.
The trial court granted final summary judgment against Maria Arencibia and Santiago Arencibia. Thereafter, the trial court denied the motion to realign Gulf Seafood and Santiago Arencibia as partyplaintiffs.
Santiago Arencibia appeals from the final summary judgment raising the same issues that he argued below. We find that the trial court was eminently correct in its entry of final summary judgment against Maria Arencibia and Santiago Arencibia. We adopt the trial court's reasoning as explained in its order and summarize it below.
First, the trial court found that the Arencibias' claims against the estate were barred by the jurisdictional statute of non-claim because they were filed more than two years after the decedent's death. § 733.710, Fla. Stat. (1991); May v. Illinois Nat'l Ins. Co., 771 So.2d 1143, 1157 *80 (Fla.2000)("[S]ection 733.710, Florida Statutes (1991), is a jurisdictional statute of nonclaim that automatically bars untimely claims and is not subject to waiver or extension in the probate proceeding."). Next, the trial court concluded that although the Arencibias claimed that the delay in filing their claims was due to the "lulling promises" of a third party, these allegations were immaterial and irrelevant. May, 771 So.2d at 1156 ("[T]he claimant cannot avoid [§ 733.710] by showing ... fraud or estoppel or insufficiency of notice." (quoting Comerica Bank & Trust, F.S.B. v. SDI Operating Partners, L.P., 673 So.2d 163, 165-67 (Fla. 4th DCA 1996))). Moreover, the trial court rejected the Arencibias' argument that their claims "relate back" to Gloria Dobal's timely filed claim because the addition of a party that is otherwise barred by the statute of limitations can only be allowed where the new and the former parties have an identity of interest. City of Miami v. Cisneros, 662 So.2d 1272, 1273 (Fla. 3d DCA 1995). The trial court noted that, in the instant case, although the parties were each seeking a one-third interest in the property, the interests were entirely different and effectively doubled the amount claimed against the estate. Lastly, the trial court rejected the Arencibias' claim that section 733.710 was inapplicable to a claim of trust or joint venture because the property never became a part of the estate. The trial court reasoned that the Arencibias' claims clearly affect the ownership interest of the estate and must be governed by the Probate Code.
Moreover, the trial court properly denied the motion to realign Gulf Seafood and Santiago Arencibia as party-plaintiffs because the new claims are barred by the non-claims statute. § 733.710, Fla. Stat. (1991).
Accordingly, we affirm the trial court's orders in their totality.