869 So.2d 1 (2003)
Janice Melroe BECKLUND, Appellant,
v.
Donna M. FLEMING, individually and as Trustee of the William J. Fleming Family Trust dated 7 May 1993, Appellee.
No. 2D02-4069.
District Court of Appeal of Florida, Second District.
October 10, 2003.
Rehearing Denied November 26, 2003.
Robert L. Donald of Law Office of Robert L. Donald, Fort Myers, and William C. Merchant of Cottrell, Warchol, Merchant & Rollings, L.L.P., Cape Coral, for Appellant.
Renée Marquis-Abrams and J. Stephen Tierney of Neill, Griffin, Fowler, Tierney, Neill & Marquis, Chartered, Fort Pierce, for Appellee as Trustee.
No appearance for Appellee individually.
WALLACE, Judge.
This case concerns a claim made by the creditor of a decedent against the decedent's revocable trust and the trustee individually. Janice Melroe Becklund ("the *2 Creditor") appeals the trial court's order dismissing with prejudice her amended complaint filed against Donna Fleming, individually and as trustee of the William J. Fleming Family Trust ("the Trustee"). For the reasons set forth in this opinion, we affirm in part, reverse in part, and remand for further proceedings.

The Facts
The pertinent facts are alleged in the Creditor's amended complaint. For purposes of our review, we must assume the factual allegations of the amended complaint to be true and construe them in the light most favorable to the Creditor as the nonmoving party. See Hosp. Constructors Ltd. v. Lefor, 749 So.2d 546, 547 (Fla. 2d DCA 2000). The Creditor was married to William J. Fleming ("the Decedent"). The Decedent was the father of the Trustee and the settlor of the William J. Fleming Family Trust dated May 7, 1993 ("the Trust").[1] Upon the Decedent's death, if not earlier, the Trustee became the successor trustee of the Trust.
The Creditor and the Decedent obtained a dissolution of their marriage in Arizona on March 22, 1993. The Arizona decree of dissolution approved and incorporated by reference their property settlement agreement. As part of the property settlement agreement, the Creditor paid the Decedent $150,000 in exchange for a promissory note from the Decedent in a like amount. The Decedent's $150,000 promissory note held by the Creditor provided, in pertinent part:
This note shall be due and payable in installments of fifty percent (50%) of any and all proceeds received by the undersigned in connection with the sale of the real property commonly known as "Cape Coral" located in the State of Florida in which the undersigned has an ownership interest. These payments shall be made to Payee within thirty (30) days of the receipt of those proceeds by the undersigned. Any unpaid balance shall be due at the time of the death of the undersigned and shall be paid in full from any of the assets of the undersigned.
The note was unsecured and did not bear interest. On July 7, 1993, the Decedent conveyed the Cape Coral property referred to in the note to himself as trustee of the Trust.
The Decedent died on May 15, 1995. At the time of his death, he had not made any payments on the note to the Creditor. The note remains unpaid.
In September 1994, the Decedent had entered into a contract for the sale of the Cape Coral property to Rottlund Homes of Florida, Inc. After his death, the Trustee sold a portion of the property. The Trustee's representatives told the Creditor's attorney that "the sale was to insure payment of taxes." The Creditor's amended complaint did not contain allegations concerning the disposition of the remaining portion of the property. Nevertheless, copies of numerous addenda to the contract with Rottlund Homes appear in the record on appeal. These addenda indicate that the closing date for the sale of the property was repeatedly extended over a number of years. The Trustee's counsel informed this court at oral argument that the sale of the remaining portion of the property still has not occurred.
After the Decedent's death, the Creditor's attorney corresponded with the Trustee's *3 representatives. The Creditor's attorney made "numerous requests" for payment on the note, requested a mortgage on the property to secure payment, and threatened legal action. Although this fact is not entirely clear from the allegations of the amended complaint and the exhibits attached to it, the Creditor's attorney may have also had informal discussions by telephone with the Trustee's representatives concerning these matters. The Trustee's representatives assured the Creditor's attorney that the Creditor would be paid upon the sale of the property and asked the Creditor's attorney to forbear from any legal action because this would jeopardize the pending sale of the property to Rottlund Homes.

The Probate Proceeding
An estate was opened for the Decedent in Indian River County, Florida, more than two years after his death. The Trustee was appointed as the personal representative of the Decedent's estate. The Creditor's claim on the note, filed in the probate proceedings more than two years after the expiration of the two-year statute of nonclaim imposed by section 733.710, Florida Statutes (1993), was ultimately held to be barred. See Becklund v. Fleming (In re Estate of Fleming),786 So.2d 660 (Fla. 4th DCA 2001). The Fourth District held that the Creditor's contention that she had been fraudulently induced to delay filing her claim in the estate was ineffective to extend the bar of the statute of nonclaim. Id. at 661. See generally May v. Ill. Nat'l Ins. Co., 771 So.2d 1143 (Fla.2000); Dobal v. Perez, 809 So.2d 78, 80 (Fla. 3d DCA 2002).

The Creditor's Claims
On March 21, 2000, after the Trustee had objected to the Creditor's claim filed in the probate proceeding but before the objection was finally resolved, the Creditor filed a separate action in Lee County, Florida. The Creditor initially sued the Trustee not only individually and as trustee of the Trust but also in her capacity as personal representative of the Decedent's estate. After the Fourth District held that the Creditor's claim filed in the probate proceeding was barred, Becklund, 786 So.2d at 661, the Creditor dropped her claim against the Trustee in her capacity as personal representative. She then filed her amended complaint against the Trustee individually and as trustee of the Decedent's Trust. The claims that the Creditor pleaded in her amended complaint were as follows:
Count IFraud, based upon the socalled "lulling promises" allegedly made by the Trustee's representatives.
Count IIPromissory Note, an action on the note executed by the Decedent.
Count IIIEquitable Lien, a request for the imposition of an equitable lien on the Cape Coral property to secure the payment of the note.
Count IVOral Contract, an action based upon promises of payment to be made upon the sale of the Cape Coral property allegedly made by the Trustee after the Decedent's death.
Count VUnjust Enrichment, a claim that the Trustee would be unjustly enriched at the Creditor's expense if she were not required to pay the note.
The Trustee moved to dismiss the amended complaint for failure to state a cause of action and on account of improper venue. After consideration of extensive memoranda of law submitted by the parties, the trial court entered a thoughtful and detailed order finding that all of the Creditor's claims, as pleaded, were barred. Based upon that conclusion, the trial court dismissed the Creditor's amended complaint with prejudice. The trial court's *4 order did not address the Trustee's objections to venue. This appeal followed.

The Standard of Review
The applicable standard of review for a trial court's decision granting a motion to dismiss is de novo review. See Ruiz v. Brink's Home Sec., Inc., 777 So.2d 1062, 1064 (Fla. 2d DCA 2001); W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297, 300 (Fla. 1st DCA 1999). Moreover, where, as in this case, the trial court dismisses a complaint with prejudice at a relatively early stage in the proceedings, we follow the principles summarized in Kapley v. Borchers, 714 So.2d 1217, 1218 (Fla. 2d DCA 1998):
A dismissal with prejudice should not be ordered without giving the party offering the pleading an opportunity to amend unless it appears that the privilege to amend has been abused or it is clear that the pleading cannot be amended to state a cause of action. See Countryside Christian Center, Inc. v. City of Clearwater, 542 So.2d 1037 (Fla. 2d DCA 1989); Central Florida Inv., Inc. v. Levin, 659 So.2d 492 (Fla. 5th DCA 1995). Where a party may be able to allege additional facts to support its cause of action or to support another cause of action based on a different legal theory, dismissal with prejudice is an abuse of discretion. See Harper Companies v. Scott, Royce, Harris, Bryan, Barra, & Jorgensen, P.A., 656 So.2d 627 (Fla. 4th DCA 1995); Kovach v. McLellan, 564 So.2d 274 (Fla. 5th DCA 1990).
Therefore, unless we are able to conclude that the Creditor is unable to plead any facts that would entitle her to relief, we are required to give her an opportunity to do so. See Clements v. Hillsborough County Health Dep't, 837 So.2d 1085, 1085 (Fla. 2d DCA 2003); Dominion of Can. v. State Farm Fire & Cas. Co., 754 So.2d 852, 857 (Fla. 2d DCA 2000); Williams v. Sebring Hous. & Dev., 723 So.2d 359, 359 (Fla. 2d DCA 1998).

The Applicable Law
The Creditor's claim against the Decedent's estate was barred by her failure to file her claim against the estate within the two-year period established by section 733.710, Florida Statutes (1993). Becklund, 786 So.2d at 661. Likewise, the Trust was protected from any liability it may have had under sections 733.607(2) and 733.707(3) because the Creditor did not hold an "enforceable and timely filed" claim in the Decedent's estate.[2]See Estate of Read v. A.D.K. Props., 766 So.2d 393 (Fla. 2d DCA 2000) (construing a later version of section 733.707(3) that was substantially similar to the version of section 733.707(3) in effect on the date of the decedent's death); Tobin v. Damian, 723 So.2d 396 (Fla. 4th DCA 1999) (same); ch. 95-401, §§ 9, 10, at 3286-87, § 43, at 3310, Laws of Fla. In view of these barriers to recovery, the question posed by this appeal *5 is whether the Creditor has alleged or can allege any facts that would state a cause of action against the Trust or the Trustee individually. The answer to the question posed must be determined by reference to Florida's trust claims procedures in effect on May 15, 1995, the date of the Decedent's death.
The trust claims procedures in effect on the date of the Decedent's death were enacted as part of chapter 93-257, Laws of Florida, and became effective on January 1, 1994. Ch. 93-257, § 15, at 2510, Laws of Fla. One commentator summarized the effect of the 1993 legislation as follows:
The 1993 Legislature, as part of Ch. 93-257, enacted a series of modifications to various existing statutes to clarify that assets in a revocable trust are subject to the expenses of administration and creditors' claims, if probate assets are insufficient to satisfy those expenses and claims. The personal representative of a decedent's probate estate, to the extent the decedent's probate assets are insufficient to satisfy administration expenses and creditors' claims, is now authorized to recover on behalf of the probate estate creditors, assets in a revocable trust created by the decedent, and the trustee of the trust is now authorized to contribute assets to satisfy any insufficiency. Furthermore, recognizing the public's apparent acceptance of the need to avoid the perceived "horrors" of probate, the legislation avoids the imposition of any obligation upon a trustee to institute even an informal or summary probate proceeding.
Procedurally, the probate estate's right of recovery, and/or the trust's duty of contribution, exists only when the trustee of the trust is made a party to the probate proceeding and is granted a right to challenge any claim, or in the event there is no probate proceeding, personally fulfills the publication and notice requirements of F.S. § 733.702. Thus, in the event there is no probate proceeding, the trustee is required to publish a "notice to creditors" and serve the notice upon known or reasonably ascertainable creditors.
Jerome L. Wolf, 1995 Legislative Modifications to Florida's Trust Claims Procedures, 69 Fla. B.J. 57, 57 (Oct.1995). In cases involving decedents for whom no probate administration was pending, section 737.3057 of the 1993 legislation required a trustee of a revocable trust to publish a notice to creditors. § 737.3057(1), Fla. Stat. (1993). Creditors of the decedent/settlor were obligated to present claims to the trustee within three months or be barred. See Charles E. Early, Notices Under the New Trust Law, 70 Fla. B.J. 12, 14 (Jan.1996). Unless the creditor timely served a claim on the trustee within two years after the settlor's death, section 737.3057(3) (the trust claims counterpart of section 733.710 in the Probate Code) barred claims against the trust, the trustee, and the beneficiaries.
The trust claims amendments included in the 1993 legislation have been criticized as "incomplete," "ambiguous," and limited in their effectiveness. Wolf, 69 Fla. B.J. at 57; see also Continuing Legal Educ., Fla. Bar, Administration of Trusts in Florida §§ 2.67, 6.2 (3d ed.2001). In response to the problems perceived in the 1993 legislation, the Ad Hoc Committee appointed by the Probate Division of the Real Property, Probate and Trust Law Section of the Florida Bar proposed legislation that was enacted in 1995. Wolf, 69 Fla. B.J. at 59. Chapter 95-401, Laws of Florida, made various changes to Florida's trust claims procedures, including the repeal of section 737.3057, effective October 1, 1995, for decedents who died after September 30, 1995. Ch. 95-401, § 42, at 3310, Laws of *6 Fla.[3] Under the 1995 legislation, for Florida residents who died after September 30, 1995, a trustee seeking protection against the settlor's debts before the expiration of the two-year nonclaim period would have to seek such protection in the Probate Code. The 1995 legislation does not apply to the case of the Decedent, who died on May 15, 1995. The particular version of Florida's trust claims procedures applicable to this case was in effect from January 1, 1994, for decedents who died on or before September 30, 1995. Therefore, the analysis that follows will have limited relevance to cases involving decedents who died after September 30, 1995.

Analysis
Section 737.3057, titled "Trustee's duty to notice creditors," provided as follows:
(1) In the event the settlor's estate is not represented and there is no personal representative of the estate to whom letters of administration have been issued so that the publication and notice requirements of s. 733.212 have not been discharged, then every trustee of a trust described in s. 733.707(3) shall cause a notice to creditors to be published and served.
(a) A notice shall be published once a week for 2 consecutive weeks, two publications being sufficient, in a newspaper published in the county where the trust is administered or, if there is no newspaper published in the county, in a newspaper of general circulation in that county. The notice shall notify all persons having claims or demands against the settlor which such person seeks to recover from the trust to serve their claims with the trustee serving at the time of or as a result of the settlor's death within the time periods set forth in s. 733.702 with respect to notice of administration, or be forever barred.
(b) The notice shall contain the name of the deceased settlor of the trust; the name or other designation of the trust, if any, and the date the trust was established; the name and address of each trustee serving at the time of or as a result of the settlor's death; the name and address of the attorney for the trustee, if any; and shall state the date of first publication.
(c) The trustee shall promptly make a diligent search to determine the names and addresses of creditors of the settlor who are reasonably ascertainable and shall serve on those creditors a copy of the notice within 3 months after the first publication of the notice. Impracticable and extended searches are not required. Service is not required on any creditor who has filed or served a claim as provided *7 in this section or a creditor whose claim has been paid in full.
(d) A creditor shall serve a written statement, or demand for payment, of the claim with the trustee by any form of mail requiring a signed receipt.
(e) If not barred by subsection (3), no claim or demand against the settlor that arose before the death of the settlor which a person seeks to recover from the trust, including claims of the state and any of its subdivisions, whether due or not, direct or contingent, or liquidated or unliquidated; no claim for funeral or burial expenses; no claim for personal property in the possession of the trustee; and no claim for damages, including, but not limited to, an action founded on fraud or another wrongful act or omission of the settlor, is binding on the trust, on the trustee of such trust, or on any beneficiary unless served with the trustee within the later of 3 months after the time of the first publication of the notice to creditors or, as to any creditor required to be served with a copy of the notice to creditors, within 30 days after the date of service of such copy of the notice on the creditor, even though the trustee has recognized the claim or demand by paying a part of it or interest on it or otherwise.
(2) A trustee is not individually liable to any person for giving notice under this section, regardless of whether it is later determined that such notice was not required by this section. The service of notice in accordance with this section shall not be construed as admitting the validity or enforceability of a claim. If a trustee in good faith fails to give notice required by this section, the trustee is not liable to a beneficiary or any other person for the failure. Liability, if any, for the failure in such case is on the trust.
(3)(a) Notwithstanding any other provision of this chapter, 2 years after the death of a settlor, neither a trust described in s. 733.707(3) established by such settlor, the trustee of such trust, nor any beneficiary shall be liable for any claim or cause of action against the settlor which such creditor seeks to recover from the trust, except as provided in this subsection.
(b) This subsection shall not apply to a creditor who has timely served a claim pursuant to paragraph (1)(e) within 2 years after the settlor's death and whose claim has not been paid or otherwise disposed of.
(c) This subsection shall not affect the lien of a duly recorded mortgage or security interest or the right to foreclose and enforce the mortgage or lien.
The Creditor did not file her action against the Trustee until March 21, 2000, more than four years after the Decedent's death on May 15, 1995. Unless the Creditor timely served a claim on the Trustee within two years of the Decedent's death pursuant to paragraph (1)(e) of the statute, the expiration of the two-year period of nonclaim established in paragraph (3)(a) barred all of the Creditor's claims based upon the Decedent's promissory note. Cf. May v. Ill. Nat'l Ins. Co., 771 So.2d 1143 (Fla.2000) (construing analogous section of the Probate Code as a statute of nonclaim not subject to waiver or extension). The Creditor's claim against the Trustee for breach of an oral contract was based upon a promise to pay the note allegedly made by the Trustee after the Decedent's death. This claim was similarly barred. We agree with the proposition that claims based on obligations undertaken by a trustee after the death of a decedent are not subject to the statute of nonclaim. Cf. Thompson v. Hodson, 825 So.2d 941, 948 (Fla. 1st DCA *8 2002) (holding that claims that arise after the death of a decedent are not subject to the Probate Code's statute of nonclaim). Nevertheless, the post-mortem oral contract pleaded by the Creditor was based upon the Trustee's alleged promise to pay the Decedent's promissory note. Thus the Creditor's claim relied upon the type of "lulling promises" that are insufficient to extend the bar of a statute of nonclaim. See Dobal v. Perez, 809 So.2d 78, 80 (Fla. 3d DCA 2002) (holding that the Probate Code's statute of nonclaim was not subject to waiver or extension by "lulling promises"). Finally, the Creditor's claim was not based on a recorded mortgage or security interest that would make applicable the exception of paragraph (3)(c) of section 737.3057.
For these reasons, the trial court correctly determined that the Creditor's amended complaint failed to state a cause of action. Nevertheless, we think the trial court erred in dismissing the Creditor's amended complaint with prejudice, because it appears that she may be able to state a cause of action.
For cases such as this one, involving decedents for whom no personal representative had been appointed and notice of administration had not been published, paragraphs (1)(a)-(c) of section 737.3057 required the trustee of a revocable trust to publish a notice to creditors and serve a copy of the notice to creditors of the settlor whose names and addresses were reasonably ascertainable.[4] Paragraph (1)(d) required creditors to "serve a written statement, or demand for payment, of the claim with the trustee by any form of mail requiring a signed receipt." Claims not otherwise barred by the two-year nonclaim period established in paragraph (3)(a) were barred unless the creditor had timely served a claim pursuant to paragraph (1)(e) within two years after the settlor's death. § 737.3057(3)(b), Fla. Stat. (1993).
*9 On appeal, the Creditor claims that she did serve a written statement, or demand for payment, of her claim on the promissory note with the Trustee within two years of the Decedent's death as required by subsections 737.3057(1)(d) and (3)(a). The Creditor concludes that the purported service of her claim on the Trustee was sufficient to avoid the bar of the two-year statute of nonclaim for claims against the Trust.
Unlike comparable provisions in the Probate Code, section 737.3057 provided no further direction concerning the applicable procedure once the creditor served a claim on the trustee. In particular, the statute imposed no deadline for the creditor to file suit to enforce the claim against the trust. As one of the commentators noted, this lack of statutory direction left the trustee "with the dilemma of either continuing the trust administration subject to the continuing pendency of the claim or, alternatively, instituting an action challenging the validity or timeliness of the claim." Wolf, 69 Fla. B.J. at 58. Therefore, assuming that the Creditor timely served her claim on the Trustee in the manner required by the statute, such service may have protected her right to recover against the assets of the trust against the expiration of the two-year statute of nonclaim made applicable to the trust assets by section 737.3057(3)(a).
It appears from the Creditor's amended complaint and the exhibits attached to it that, after the Decedent's death, the Creditor's attorneys conducted a correspondence with the Trustee's attorneys that included a request for payment of the promissory note. Based on the record, the dates and content of this correspondence are largely unknown to us. At least some of the correspondence may have been sent and received prior to the expiration of two years from the Decedent's death. We do not know whether any such correspondence was served on the Trustee's attorneys "by any form of mail requiring a signed receipt" as section 737.3057(1)(d) appears to require. Nevertheless, we cannot exclude the possibility that one or more pieces of such correspondence were sufficient to constitute a timely "claim" within the meaning of section 737.3057(1)(d). If so, then the Creditor may be able to amend her complaint to state a cause of action for recovery against the assets of the Trust.

Venue
In its order dismissing the Creditor's amended complaint, the trial court did not address the Trustee's objection to the venue of the action in Lee County, Florida. The parties have not argued this issue in their briefs. Accordingly, we do not reach the issue of the propriety of the Creditor's filing of her action in Lee County. On remand, the trial court may decide the issue of venue.

Conclusion
The trial court correctly determined that none of the counts in the Creditor's amended complaint stated a cause of action as pleaded. Nevertheless, because it appears that the Creditor may be able to state a cause of action on the theory that she served a claim with the Trustee within the two-year period allowed by section 733.3057(3)(a), we reverse the dismissal to the extent that it was made with prejudice. On remand, the Creditor should be given one additional opportunity to amend her complaint to state a cause of action.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
CASANUEVA and CANADY, JJ., Concur.
NOTES
[1] The record on appeal does not include a copy of the Trust. In the proceedings in the trial court and in the briefs filed in this court, the parties have proceeded on the assumption that the Trust is a revocable trust of the type described in section 733.707(3), Florida Statutes (1993). For purposes of this opinion, we will make the same assumption.
[2] We express no opinion on whether Florida law in effect on the date of the Decedent's death would have permitted a creditor holding an "enforceable and timely filed" claim in a decedent's estate to maintain a direct action against that decedent's revocable trust for payment pursuant to section 733.707(3). We note that current Florida law precludes a creditor holding an enforceable claim in a decedent's estate from filing or maintaining a direct action against a trust for recovery on the claim. In 2001, the Florida Legislature enacted section 737.3061, Florida Statutes (2002), as part of the revision of the Florida Probate Code effective January 1, 2002. Ch.2001-226, § 189, at 2088, Laws of Fla. The statute prohibits a creditor from filing or continuing, after the death of the grantor, a direct action against a revocable trust, the trustee, or a beneficiary of the trust based upon a claim "that is dependent on the individual liability of the grantor." The statute directs that such claims instead be presented and enforced against the grantor's estate.
[3] Other portions of chapter 95-401 became effective July 1, 1995. Ch. 95-401, § 43, at 3310, Laws of Fla.

With respect to the portion of the bill repealing section 737.3057 of the proposed legislation, the Committee comment said:
The new legislation eliminates any affirmative duty on the part of a trustee, as trustee, to publish a notice to creditors or serve notice on ascertainable creditors. The provision, as originally proposed, was intended to specifically mirror the procedural steps pertaining to the payment of and objection to claims as set forth in F.S. § 733.705 of the Probate Code. Unfortunately, the provision as enacted failed to include all of the procedural steps required to join the claims issue with respect to trust assets. Experience now shows that an attempt to statutorily establish a separate creditors' claims procedure with respect to trusts to run coincidentally with the creditors' claims procedures established under the Florida Probate Code, the Probate Rules, and the body of case law constructing their meaning and application, is administratively inefficient and legally impractical.
Wolf, 69 Fla. B.J. at 61.
[4] An estate was ultimately opened for the Decedent, and the Trustee was appointed as his personal representative. The estate was not opened, however, until after the two-year nonclaim period established in section 733.710, Florida Statutes (1993), had already expired. Section 737.3057(1), Florida Statutes (1993), does not establish a time limit for the trustee of a revocable trust to comply with the statutory notice-to-creditor requirement in cases where an estate is not promptly opened for a decedent. Nor does the statute provide for a waiting period after which creditors may properly serve their claims with the trustee if an estate has not been opened and a personal representative appointed. Nevertheless, the intent of the 1993 trust claims legislation flawed in concept as it may have beenrequired that the statutory responsibilities of the trustee begin within a reasonable time if an estate has not been opened for the decedent and a personal representative appointed. The reference in section 737.3057(1) to a failure to discharge "the publication and notice requirements of s. 733.212" in an estate administration indicates that the purpose of the 1993 trust claims legislation was to provide creditors of a decedent who had established a revocable trust with at least one forum within which to present their claims. If no estate administration proceeding was pending, creditors were to have the option of filing their claims with the trustee of the revocable trust. If the creditor were willing to rely exclusively on the trust assets for payment, this feature of the 1993 legislation made it unnecessary for the creditor to file a creditor's petition to open an estate administration proceeding in cases where the personal representative named in the will or other interested parties failed to act.

The measure of a reasonable time from the decedent's death after which the statutory responsibilities of the trustee were to begin may vary with the circumstances. However, the intent of the legislation to give creditors at least one forum within which to file their claims provides an outer limit. A reasonable time from the decedent's death after which the trustee's statutory responsibilities were to begin must necessarily be substantially prior to two years after the decedent's death in order to accomplish the clear legislative purpose.