WALLACE, Judge.
This appeal from an order entered in a guardianship proceeding involves an attempt by creditors of a deceased ward to reach the assets of the ward’s revocable trust to satisfy their claims. John Gneiser, as successor trustee of the trust of *574 Mary Gneiser (the Trustee), appeals an order entered by the guardianship court after the ward’s death that directed the Trustee to pay trust assets to three creditors to satisfy their claims for fees and costs they had incurred on the ward’s behalf prior to her death. The Trustee contends that the guardianship court did not have the authority to order him to pay trust assets to the ward’s creditors following her death. We agree and reverse.
Mary Gneiser (the Ward) established a revocable trust (the Trust) on March 27, 1987. The guardianship court declared her to be incapacitated in 2001 and appointed Adult Comprehensive Protection Services, Inc. (the Guardian), as the Ward’s plenary guardian. Upon the adjudication of the Ward’s incapacity, her son, John Gneiser, became the successor trustee of the Trust.
On July 25, 2002, approximately one month prior to the Ward’s death, the guardianship court entered an order directing that the net proceeds from the sale of real property owned by the Trust— consisting of $10,023.99 — be deposited into the attorney trust account of Dale Mackenzie Gross, the attorney for the Trustee. The guardianship court’s order provided further that distribution of the funds belonging to the Trust could only be made in accordance with “the further Orders of this Court.” The Trustee did not seek appellate review of this order, and its propriety is not before us.
The Ward died on August 27, 2002. Insofar as the record reveals, a proceeding to administer the Ward’s estate was not initiated, and no personal representative for her estate was appointed. After the Ward’s death, the Trustee obtained the guardianship court’s approval to pay the Ward’s funeral and burial expenses in the amount of $6432 from the Trust’s assets held in Mr. Gross’ attorney trust account. The Trustee subsequently petitioned the guardianship court for an order authorizing the disbursement of the remaining $3591.99 to pay attorney’s fees and costs to Mr. Gross. Upon the Guardian’s objection, the guardianship court entered an order that denied the Trustee’s petition and ordered Mr. Gross to disburse the balance of the trust assets as follows: (1) the sum of $2392 to Pinellas County for unpaid court reporter and examining committee fees incurred in connection with the proceedings to determine the Ward’s incapacity; (2) the sum of $600 to the Guardian as partial payment for its unpaid fees; and (3) the sum of $599.99 to Shipp & Deeb, P.A., attorneys for the Guardian, as partial payment for its unpaid fees. The Trustee seeks review of this order.
In support of the guardianship court’s order, the Guardian argues that the Ward’s revocable trust is liable for the expenses and obligations of her estate pursuant to sections 733.707(3) and 737.3054(1), Florida Statutes (2002). Section 733.707(3) provides, in pertinent part:
Any portion of a trust with respect to which a decedent who is the grantor has at the decedent’s death a right of revocation, as defined in paragraph (e), either alone or in conjunction with any other person, is liable for the expenses of the administration and obligations of the decedent’s estate to the extent the decedent’s estate is insufficient to pay them as provided in s. 733.607(2).
Section 733.707(3) references section 733.607(2). That section provides:
If, after providing for statutory entitlements and all devises other than residuary devises, the assets of the decedent’s estate are insufficient to pay the expenses of the administration and obligations of the decedent’s estate, the personal representative is entitled to payment from the trustee of a trust described in s. 733.707(3), in the amount the personal representative certifies in *575 writing to be required to satisfy the insufficiency.
Section 733.707(3) is in turn referenced by section 737.3054(1), which provides:
A trustee of a trust described in s. 733.707(3) shall pay to the personal representative of a grantor’s estate any amounts that the personal representative certifies in writing to the trustee are required to pay the expenses of the administration and obligations of the grantor’s estate. Payments made by a trustee, unless otherwise provided in the trust instrument, must be charged as expenses of the trust without a contribution from anyone. The interests of all beneficiaries of such a trust are subject to the provisions of this subsection; however, the payments must be made from assets or property or the proceeds thereof, other than assets proscribed in s. 733.707(3), which are included in the grantor’s gross estate for federal estate tax purposes.
The statutory scheme established in these three sections authorizes the personal representative of a decedent’s probate estate to reach the assets of the decedent’s revocable trust under the circumstances and for the purposes set forth in the statutes.[1] See generally Frank T. Pilotte & L. Kathleen Horton-Brown, Creditors’ Claims and Family Allowance, in Practice Under Florida Probate Code § 8.16 (Fla. Bar CLE 3d ed.2002); Jerome L. Wolf, 1995 Legislative Modifications to Florida’s Trust Claims Procedures, 69 Fla. B.J. 57, 57 (Oet.1995). However, the statutory scheme grants this right to a personal representative appointed in a proceeding for the administration of a decedent’s estate. The statutory scheme does not grant the guardian of a deceased ward or a decedent’s creditors generally the right to reach the assets of a decedent’s revocable trust. Therefore, the Guardian’s reliance on sections 733.707(3) and 737.3054(1) in support of the order under review is unavailing.
Moreover, section 737.3061(1) prohibited the guardianship court from entering an order directing the Trustee to pay the Trust’s assets to satisfy the claims of the Guardian and the decedent’s other creditors. In 2001, the Florida Legislature enacted section 737.3061 as part of the revision of the -Florida Probate Code, effective January 1, 2002. Ch.2001-226, § 189, at 2028, Laws of Fla. Section 737.3061(1) provides:
After the death of a grantor, no creditor of the grantor may bring, maintain, or continue any direct action against a trust described in s. 733.707(3), the trustee of the trust, or any beneficiary of the trust that is dependent on the individual liability of the grantor. Those claims and causes of action against the grantor shall be presented and enforced against the grantor’s estate as provided in part VII of chapter 733, and the personal representative of the grantor’s estate may obtain payment from the trustee of a trust described in s. 733.707(3) as provided in ss. 733.607(2), 733.707(3), and 737.3054(1).
In Becklund v. Fleming, 869 So.2d 1, 5 n. 2 (Fla. 2d DCA 2003), this court noted:
[Section 737.3061(1)] prohibits a creditor from filing or continuing, after the death of the grantor, a direct action against a revocable trust, the trustee, or a beneficiary of the trust based upon a claim “that is dependent on the individ *576 ual liability of the grantor.” The statute directs that such claims instead be presented and enforced against the grantor’s estate.
The claims of the Guardian and the other creditors were based upon the individual liability of the Ward. Therefore, the guardianship court was not authorized to enforce the claims of the Guardian and the other creditors against the decedent’s revocable trust in the guardianship proceeding.
We have considered the other arguments advanced by the Guardian and Pi-nellas County, and we find them to be without merit. Although the guardianship court was apparently attempting to resolve this matter equitably and economically, it erred in ordering the Trustee to pay the Trust’s assets to the Ward’s creditors. Accordingly, we reverse the guardianship court’s order, and we remand this case for further proceedings.
Reversed and remanded.
SALCINES and COVINGTON, JJ., concur.

. The obligation of the trustee of the decedent's revocable trust to make payments to the decedent's personal representative is limited by the obligation to "pay the expenses of trust administration, including compensation of trustees and their attorneys, before and in preference to the expenses of the administration and obligations of the grantor's estate.” § 737.3054(4).